**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| RAYFORD BONNER II, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-10-04-R |
| | ) | |
| JOSEPH K. LESTER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff, appearing *pro se* and *in forma pauperis*, brings this action pursuant to 42

U.S.C. § 1983 alleging violations of his federal constitutional rights.  The matter has been

referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C).  An initial

review of Plaintiff's Amended Complaint [Doc. #8] has been conducted pursuant to 28

U.S.C. § 1915(e)(2); *see also* 28 U.S.C. 1915A.  For the reasons set forth below, it is

recommended that the action be dismissed as the claims raised in the Amended Complaint

fail to state a claim upon which § 1983 relief may be granted.

I.    **Plaintiff's Claims**

In Plaintiff's Amended Complaint,[1] Plaintiff sets forth a number of conclusory

allegations challenging the conditions of his confinement while incarcerated at the Cleveland

County Detention Center (CCDC), Norman, Oklahoma.  Plaintiff further claims he has been

---

[1]The filing of the Amended Complaint was prompted by the Court's Order to Plaintiff to
Cure Deficiencies [Doc. #7] advising Plaintiff to cure deficiencies because the original complaint
was not submitted on the proper form.

wrongfully incarcerated on false charges of rape.  Plaintiff also asserts additional state law

tort claims including slander and defamation of character.

During the pendency of this action, Plaintiff has filed a Notice of Change of Address

[Doc. #11] indicating that he has been released from incarceration.  In various pleadings filed

before this Court, Plaintiff alludes to the fact that the rape charges brought against him have

been dismissed.

Plaintiff names fifteen defendants.  These defendants include officials at the CCDC,

prosecutors from the Cleveland County District Attorney's office, the Mayor of the City of

Norman, Oklahoma, the County Commissioners of Cleveland County, Oklahoma, law

enforcement personnel and relatives of the alleged rape victim.

Plaintiff seeks compensatory and punitive damages as well as injunctive relief.

## II.    **Standard for Dismissal of In Forma Pauperis Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), dismissal of a complaint filed *in forma*

*pauperis* is proper for failure to state a claim upon which relief may be granted. *See Young*

*v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009). *See also* 28 U.S.C. § 1915A(b)(1). As with

a motion to dismiss under   Fed.R.Civ.P. 12(b)(6), the Court must accept Plaintiff's

allegations as true and construe them, and any reasonable inferences to be drawn from them,

in the light most favorable to Plaintiff. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir.

2007). Since Plaintiff is proceeding *pro se*, his complaint must be construed liberally. *See id*.

at 1218. The Court "review[s] the complaint for plausibility; that is, to determine whether the

complaint includes enough facts to state a claim to relief that is plausible on its face." *Young*, 554 F.3d at 1256 (quotations and citation omitted).

### III.   Analysis

#### A.   Conditions of Confinement

Plaintiff first challenges the conditions of his confinement at CCDC complaining of overcrowding, leaks, extreme heat in the summer and extreme cold in the winter. He further claims that forcing inmates to sleep in the "day area" is a hazard in terms of health, fires and tornados. Plaintiff provides no allegations concerning the length of time he spent incarcerated at the CCDC. Nor does he identify any specific injury resulting from the alleged unconstitutional conditions of confinement. Plaintiff's allegations are too conclusory to state a violation of his constitutional rights. In addition, Plaintiff does not support his claims with factual allegations sufficient to demonstrate which defendants are responsible for the alleged violations of his constitutional rights. *Compare Bridges v. Lane*, 351 Fed. Appx. 284, 287 (10ᵗʰ Cir. Oct. 27, 2009) (unpublished op.) (affirming dismissal of § 1983 claims where plaintiff "failed to isolate the allegedly unconstitutional acts of each defendant and thus failed to provide adequate notice of the charges against them") (internal quotations omitted) (*citing Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10ᵗʰ Cir. 2008)).

#### B.   False Imprisonment / Wrongful Incarceration

As with Plaintiff's conditions of confinement claim, Plaintiff's allegations of false imprisonment are deficient. Plaintiff has not provided a case number or any identifying information sufficient for the Court to determine the nature of the charges brought against

him.  Plaintiff has not provided any specific allegations about the dismissal of those charges.

And, again, Plaintiff has not identified the basis for the alleged unconstitutional conduct or

shown which defendants are responsible for such conduct.[2]  Under these circumstances, the

claim alleged is too conclusory for the Court to conduct a meaningful review of the claim.

As the Tenth Circuit stated in *Bridges*:

> The burden is on the plaintiff to craft an adequate complaint that contains
> enough factual allegations to state facially plausible claims for relief and
> provide fair notice to defendants of the nature of the claims against them.
> *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). We are
> especially critical of complaints that do not articulate specific times, places, or
> persons involved in the alleged misconduct because such complaints give
> 'defendant[s] seeking to respond to plaintiffs' conclusory allegations . . . little
> idea where to begin.' *Id*. at 1248 (quotations omitted).

*Bridges*, 351 Fed. Appx. at 286.  Plaintiff has not provided sufficient factual allegations to

state facially plausible claims or to provide fair notice to the defendants of the claims against

them.   Accordingly, it is recommended that Plaintiff's claim of false imprisonment be

dismissed for failure to state a claim upon which relief may be granted.

## C.    State Law Tort Claims

Similarly, Plaintiff's allegations are too conclusory to adequately plead any state law

tort claims.  Plaintiff alludes to assault, slander and defamation of character, among other

wrongful conduct, but does not support the conclusory reference to this alleged wrongful

conduct with factual allegations sufficient to state a plausible claim for relief.  As with the

---

[2]Plaintiff does state that Defendant Morrissey  "plotted" with Keith Sorrell and Kaylee
Sorrell to bring false charges against him but provides no specific factual allegations in support.

other claims, he has not identified the defendants who allegedly engaged in this wrongful conduct, and his Amended Complaint, therefore, does not provide fair notice to the defendants.

In sum, "[c]omplaints, like [Plaintiff's], that make general legal claims without specific factual support, even when filed by *pro se* litigants, do not state plausible claims for relief or provide fair notice to defendants and are therefore subject to dismissal." *Bridges*, 351 Fed. Appx. at 287. Accordingly, it is recommended that Plaintiff's Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. However, the dismissal should be without prejudice as Plaintiff should be given the opportunity to file a Second Amended Complaint to provide the factual allegations necessary to state a claim for relief. If Plaintiff chooses to file a Second Amended Complaint, Plaintiff is reminded that he must identify the alleged unconstitutional conduct with particularity and provide specific facts demonstrating the conduct for which each of the defendants is alleged to be responsible.

## IV.   Pending Motions

### A.   Motions to Appoint Counsel

Currently pending before the Court are three motions to appoint counsel filed by Plaintiff. *See* Motions [Doc. ## 2, 9 and 14]. Plaintiff states in his most recent motion [Doc. #14] that he has no money and for this reason, needs appointment of counsel.

District courts are granted broad discretion with regard to the decision to request an attorney to represent an indigent litigant in a civil proceeding. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991); 28 U.S.C. § 1915(e)(1). In exercising this discretion, the

Court must consider a number of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues involved, (3) the litigant's ability to present the claims and (4) the complexity of the legal issues raised. *Rucks v. Boergermann*, 57 F.3d 978 (10th Cir. 1995).

Having carefully considered the factors and circumstances of Plaintiff's case bearing on the need for counsel, Plaintiff's request for appointment of counsel should be denied at this time. It has been recommended that Plaintiff be given the opportunity to further amend his complaint to supply the necessary factual allegations to support his claims for relief and to link the alleged unconstitutional conduct to specific defendants alleged to be responsible for that conduct. Plaintiff, and only Plaintiff, knows the facts that support his claims. On the record before the Court, it does not appear that the factual and legal issues would be complex.

For these reasons, Plaintiff's motions for appointment of counsel should be denied at this time, without prejudice to Plaintiff's ability to renew his request under appropriate circumstances should Plaintiff choose to file a Second Amended Complaint.

## B.      Motion for Injunction

Plaintiff has also filed a Motion for Injunction [Doc. #3]. The motion includes allegations of wrongdoing beyond the scope of the claims alleged in the Amended Complaint. In addition, the injunction challenges the conditions of his confinement. As set forth above, based on the Notice of Change of Address filed by Plaintiff, he is no longer incarcerated at the Cleveland County Detention Center and, therefore, any request for

injunctive relief as to the conditions of his confinement appears moot. *See Green v. Branson*, 108 F.3d 1296, 1299-1300 (10th Cir.1997) (holding that release from prison moots claims for declaratory and injunctive relief).

Fundamentally, however, Plaintiff is not entitled to injunctive relief absent a showing of a likelihood of success on the merits. *See General Motors Corp. v. Urban Gorilla, L.L.C.*, 500 F.3d 1222, 1226 (10th Cir. 2007) (to obtain a preliminary injunction, a party must establish: (1) "a substantial likelihood of success on the merits," (2) "irreparable harm to the movant if the injunction is denied," (3) "the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party," and (4) "the injunction, if issued, will not adversely affect the public interest"). As set forth above, Plaintiff's conclusory allegations in the Amended Complaint are insufficient to state a plausible claim for relief as to any of the claims raised.  Necessarily, therefore, Plaintiff has failed to demonstrate a likelihood of success on the merits, and his request for injunctive relief should be denied.

## **RECOMMENDATION**

It is recommended that the Amended Complaint [Doc. #8] be dismissed pursuant to 28 U.S.C. 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted unless within 21 days of any Order of the District Court adopting this Recommendation, Plaintiff files a Second Amended Complaint.  It is further recommended that Plaintiff's Motions for Appointment of Counsel [Doc. ##2, 9 and 14] and Plaintiff's Motion for Injunction [Doc. #3] be denied.

## NOTICE OF RIGHT TO OBJECT

Plaintiff is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objections must be filed with the Clerk of the District Court by June __18th__, 2010. *See* Local Civil Rule 72.1. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this __28th__ day of May, 2010.

VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE